(No. 4927—)

JESSIE B. CURTIS and JAMES F. CURTIS, Administrator of the Estate of LUCY L. R. CURTIS, Deceased, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1963.*

CHARLES KENNEY and OLSEN and CANTRILL, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimants, Jesse B. Curtis and James F. Curtis, Administrator of the Estate of Lucy L. R. Curtis, deceased, seek recovery of $12,000.00 and $13,000.00, respectively, for damages arising out of a collision between two automobiles on August 1, 1959.

The evidence shows that claimant, Jesse B. Curtis, was driving one of the automobiles in a northerly direction on U.S. Highway No. 66. His mother, Lucy L. R. Curtis, was a passenger. The other vehicle, an unmarked 1957 Ford passenger automobile, was being driven in a

southerly direction on U.S. Highway No. 66 by Clarence U. Swain, Illinois State Highway Police Trooper, and carried Julius B. Luber, a State Trooper, as a passenger. Both Swain and Luber, at the time of the accident, were acting in the course of their duties as special investigators assigned to the Central Office of the Illinois State Highway Police. Trooper Swain and Lucy L. R. Curtis died as a result of the collision, which occurred near the intersection of U.S. Highway No. 66 and Route No. 124 on Route No. 66.

There appears to be no dispute concerning the facts of the case, since respondent in its statement, brief and argument "generally accepts claimants' statement of facts."

The accident occurred shortly after 1:00 P.M. According to witnesses, the weather was clear and dry, and visibility excellent. The car driven by Trooper Swain was traveling south on Highway No. 66, when he apparently lost control and whirled to the left into the path of traffic in the northbound lanes, colliding with the vehicle driven by claimant, Jesse B. Curtis.

The only question presented to this Court is the amount of damages, if any, to which claimants may be entitled.

Claimant, Jesse B. Curtis, has received $12,500.00 for his individual claim from Trooper Swain's insurance company, and claimant, James F. Curtis, has received $12,000.00 in behalf of the estate of Lucy L. R. Curtis, with $500.00 of that amount going to a minor son of Lucy L. R. Curtis, who was 19 years old at the time of the accident. In consideration of such settlements claimants gave covenants not to sue. Respondent urges that, because of the reasonable and generous nature of the insurance settlement, no additional money damages be awarded.

Claimant, Jesse B. Curtis, incurred actual salary loss and medical expenses totalling $4,411.02. He was able to continue his work as a teacher. None of the medical reports submitted by claimant were current, the latest examination having been made by Dr. H. G. Woody more than a year before the hearing in the case was held. That report specifically stated that the report was not a permanent disability evaluation, and further stated that, since August 14, 1959, "Mr. Curtis has made a fairly uneventful recovery." No permanent injury, which would hamper claimant's activities, has been effectively demonstrated.

There has in the opinion of this Court been no presentation of evidence to justify an award in excess of the insurance settlement already received by claimants.

The claims of Jesse B. Curtis and James F. Curtis are hereby denied.